**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ezquiel SIERRA–HERNANDEZ, Defendant—Appellant.**

No. 03–4693.

United States Court of Appeals, Fourth Circuit.

Submitted Jan. 29, 2004.

Decided Feb. 9, 2004.

Louis C. Allen III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, Office of the United States Attorney, Greensboro, North Carolina, for Appellee.

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM.

Ezquiel Sierra–Hernandez pleaded guilty to one count of illegally reentering the United States after removal, in violation of 8 U.S.C. §§ 1326(a) and (b)(2) (2000). The district court found Sierra–Hernandez had a criminal history category of IV and an offense level of thirteen, subjecting him to a guidelines range of twenty-four to thirty months of imprisonment. *See U.S. Sentencing Guidelines Manual* § 5A. The court sentenced Sierra–Hernandez to twenty-eight months of imprisonment, to be followed by a three-year term of supervised release.

Sierra–Hernandez's counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there were no meritorious grounds for appeal, but suggesting one potential issue: the district court plainly erred in sentencing Sierra–Hernandez to twenty-eight months of imprisonment. Sierra–Hernandez was advised of his right to file a pro se supplemental brief, but he has declined to do so.

We have reviewed the record and conclude that the district court properly sentenced Sierra–Hernandez. The guidelines range was correctly calculated and Sierra–Hernandez was sentenced within that range.

In accordance with the requirements of *Anders,* we have reviewed the entire rec-

ord in this case and have found no meritorious issues for appeal. Accordingly, we affirm Sierra–Hernandez's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*